Richard Terrence GAAB, Larry K. Elliott, Jean S. Elliott, Kathryn L. Sutherland and Mrs. Leroy Thompson, Jr., Appellants,

v.

BOROUGH OF SEWICKLEY, Robert Crown t/d/b/a Crown Communications, and Barbara A. Crown, his wife.

Commonwealth Court of Pennsylvania.

Argued March 13, 1997.

Decided April 15, 1997.

Blaine A. Lucas, Pittsburgh, for appellants.

Walter P. DeForest, Pittsburgh, for appellee, Borough of Sewickley.

Before McGINLEY, and FLAHERTY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Richard Terrence Gaab, Larry K. Elliott, Jean S. Elliott, William M. Sutherland, Kathryn L. Sutherland, and Mrs. LeRoy Thompson, Sr. (collectively Appellants) appeal from an order of the Court of Common Pleas of Allegheny County (trial court) which granted the motion for summary judgment filed by the Borough of Sewickley (Borough), Robert Crown, t/d/b/a Crown Communications (Crown), and Barbara Crown (collectively Appellees) and dismissed Appellants' complaint.

The Borough owns a tract of land known as Waterworks Park. The land is heavily wooded and undeveloped except for the southern end of the park where the Sewickley Water Authority (Authority) maintains a series of reservoirs and related out buildings, and the northwestern corner of the property where the Authority's water tower, pump house and water transmission line are locat-

ed. Crown is a private, for-profit business which builds communications towers and leases space on those towers to communications providers.

In early 1995, Crown approached the Borough with a proposal to construct a 350 foot communications tower and an equipment building on a portion of the Waterworks Park near the existing water tower and pump house. Crown's proposal was considered by the Borough Council (Council) over the next six months. On September 18, 1996, at a public meeting, Council voted to enter into a lease agreement (Agreement) with Crown whereby the Borough would lease a portion of the Waterworks Park property to Crown to be used for the construction of a 250 foot communications tower and an equipment building.

The Agreement involved a rectangular area of approximately 140 feet by 77 feet with rights of ingress and egress. The initial term of the Agreement was for twenty-five years and Crown was granted the option to renew for three consecutive twenty-five year periods. Under the Agreement Crown was obligated to provide the Borough with a state-of-the-art police, fire, public works and 911 communications system; a microwave link from the tower to the Borough Building; maintenance and inspections; and electricity for the Borough equipment, all at no cost to the Borough. In addition, Crown would be responsible for an annual rent of $2,400.00, increased by three percent each year.

On October 17, 1995, Appellants filed a complaint seeking to invalidate the Agreement. Count II of the complaint[1] alleged that any Agreement with Crown, without public bidding, violated the Borough's obligations under Sections 1201(4) and 1402(a) of the Borough Code (Code), Act of February 1, 1966, P.L. (1965), No. 581, as amended, 53 P.S. §§ 46201(4) & 46402(a). At the close of the pleadings the parties filed cross-motions for summary judgment. On August 2, 1996,

the trial court issued an opinion which, among other things, found that Sections 1201(4) and 1402(a) of the Code were inapplicable and entered judgment in favor of Appellees and dismissed Appellants' complaint.

Before this Court Appellants raise the following issues: (1) whether the trial court erred in failing to find that the Agreement constituted a *de facto* sale of real estate which required adherence to the public bidding requirements of Section 1201(4) of the Code; and (2) whether the trial court erred in failing to find that the Agreement constituted a contract of purchase in excess of $10,000 which required adherence to the public bidding requirements of Section 1402(a) of the Code.[2]

Initially, Appellants contend that the trial court committed an error of law and abused its discretion in finding Section 1201(4) of the Code inapplicable. Appellants argue that the long-term nature of the transaction and the exclusivity given Crown to occupy a valuable Borough asset necessitate a finding that the Agreement constituted a sale rather than lease. We disagree.

Section 1201(4) of the Code states:

No real estate owned by the borough *shall be sold* for a consideration in excess of fifteen hundred dollars ($1500), except to the highest bidder after due notice by advertisement for bids or advertisement of a public auction in one newspaper of general circulation in the borough. (Emphasis added).

As the trial court noted Section 1201(4) applies only where there is a *sale* of real estate. The trial court found that the Agreement in the present matter was a lease. Ergo, the trial court concluded that Section 1201(4) of the Code was inapplicable.

Black's Law Dictionary defines the sale/conveyance of land as the "transfer of title to land ... by deed." Black's Law

---

**1.** The trial court's disposition of Count II is the only issue on appeal before this Court.

**2.** Our scope of review over a trial court's grant of summary judgment is limited to a determination of whether the trial court made an error of law or abused its discretion. *Salerno v. LaBarr*, 159

Pa.Cmwlth. 99, 632 A.2d 1002 (1993), *appeal denied*, 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment is appropriate only when, after examining the record in the light most favorable to the non-moving party, the trial court finds no genuine issue of material fact. *Id.*

Dictionary 333 (6th ed. 1990). A lease is defined as an "[a]greement under which owner gives up possession and use of his property for valuable consideration and for definite term and at end of term owner has absolute right to retake, control and use property." Black's Law Dictionary 889 (6th ed. 1990).

In support of its finding that the Agreement here constituted a lease rather than a sale the trial court noted that the Agreement: (1) permitted Crown to use the property only for a specified number of years; (2) permitted Crown to use the property only for the erection and operation of the 250 foot communications tower; (3) required Crown to proceed with reasonable diligence to construct this tower and equipment building; (4) prohibited Crown from using the property in any way which interferes with the Authority's ability to operate and maintain its existing equipment; (5) required Crown to provide tower space, routine maintenance; electric services for the Borough's communication equipment; state-of-the-art wireless communications capability for the Borough's public works, fire and police services; and (6) required Crown to pay an annual rent of $2,400.00 increased by three percent each year. In addition, the trial court took note that if Crown fails to meet these requirements the Borough may terminate the Agreement and acquire Crown's interest in the improvements to the property and the equipment on the property.

We conclude that the trial court did not commit an error of law or an abuse of discretion in finding that the Agreement constituted a lease and that Section 1201(4) was inapplicable.

Next, Appellants contend that the trial court committed an error of law and an abuse of discretion in finding Section 1402(a) of the Code inapplicable.

Section 1402(a) of the Code provides in pertinent part:

All contracts or purchases in excess of ten thousand dollars ($10,000), except those hereinafter mentioned, shall not be made except with and from the lowest responsible bidder.... The amount of the contract *shall in all cases ...* be the entire amount *which the borough pays* to the successful bidder.... (Emphasis added).

A plain reading of this section reflects that it applies only to contracts or purchases that involve an expenditure of public funds by the borough to acquire services or property. It is clear that the legislature intended to require bidding only where a borough expends funds in excess of $10,000 for a contract or purchase. In the present situation there was no expenditure of public funds for contracts or purchases.

Moreover, we agree with the trial court that application of the bidding requirements of Section 1402(a) to the present matter would be nonsensical. Section 1402(a) provides that a contract or purchase "shall not be made except with and from the *lowest responsible bidder.*" If we found this language applicable to the present situation where the Borough is not expending funds, the Borough would be required to contract with the bidder who offered the least services, goods or rent.

Accordingly, we conclude that the trial court did not err or abuse its discretion in finding Section 1402(a) inapplicable.

The order of the trial court is affirmed.

### ORDER

AND NOW, this 15th day of April, 1997, the order of the Court of Common Pleas of Allegheny County at GD95–16730, dated August 2, 1996, is affirmed.